UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHOPE OLUWO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action Nos. 20-18697(FLW)<br>21-6370 (FLW)<br><br>ORDER |

*Pro se* Petitioner Shope Oluwo, a prisoner confined at Otisville FCI, seeks to file a motion to vacate pursuant 28 U.S.C. § 2255.

On December 2, 2020, Petitioner submitted to prison officials for filing a signed Motion, which was docketed as Civ. Act. No. 20-18697. The Court terminated the matter pursuant to Local Civil Rule 81.2 because Petitioner did not use the habeas form supplied by the Clerk for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014), and because the form used by Petitioner did not contain the required notice pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999). The Court directed the Clerk of the Court to send Petitioner the proper form, and instructed Petitioner to complete the form supplied by the Clerk's Office, including the *Miller* notice, within 45 days. Petitioner, however, did not submit the required forms or move to reopen Civil Action No. 20-18697.

Instead, on March 23, 2021, a <u>new</u> motion was submitted on Petitioner's behalf by a friend, Ayisha Diaz. That action was docketed as Civil Act. No. 21-6370. The new motion is unsigned, but the *Miller* notice is executed by Diaz, presumably on Petitioner's behalf. Diaz also states the following:

1

> I, AYISHA DIAZ AM A LONG TIME FRIEND OF SHOPE OLUWO. I HAVE MAILED THIS IN ON HIS BEHALF DUE TO COVID AND MAILING BEING SLOW IN SENDING TO DISTRICT COURT.

Diaz does not meet the requirements to proceed on Petitioner's behalf. A litigant who seeks to prosecute a habeas petition on behalf of someone else (or as a "next friend") "must establish the requisite [Article III] standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *In re Zettlemoyer*, 53 F.3d 24, 26–27 (3d Cir. 1995). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. To qualify for "next friend" standing, the person must meet two requirements: (i) the "next friend" must demonstrate that he or she is truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate and has some "significant relationship" with that person; and (2) the "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his [or her] own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163–64. The "next friend" doctrine is so limited because "it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. The burden is on the "next friend" to justify his or her status and, thereby, to obtain the jurisdiction of the federal courts. *Id.*

Even if Diaz could establish the requisite close relationship with Petitioner, slow mail is not a sufficient reason to justify permitting Diaz to litigate this § 2255 motion on Petitioner's behalf. Indeed, as a prisoner, Petitioner is provided the benefit of the so-called "prisoner mailbox rule," which deems his § 2255 motion filed when he hands it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a "a pro se prisoner's habeas

petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court" and extending "this holding to the filing of motions under § 2255").

At this time, the Court will dismiss without prejudice Civ. Act. No. 21-6370 as improperly filed and deny without prejudice Diaz's request to proceed as a next friend on Petitioner's behalf. In light of Petitioner's pro se status, the Court will provide him with a final opportunity to resubmit a signed Motion on the proper form in Civ. Act. No. 20-18697 within 30 days of the date of this Order.

**IT IS THEREFORE**, on this 18th day of November 2021,

**ORDERED** that the Clerk of the Court shall dismiss WITHOUT PREJUDICE Civil Act. No. 21-6370 without filing the motion; and it is further

**ORDERED** that Ayisha Diaz's request to proceed as a next friend on Petitioner's behalf in Civil Act. No. 21-6370 is also denied WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank section 2255 form— AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); and it is further

**ORDERED** that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

**ORDERED that if Petitioner wishes to reopen Civ. Act. No. 20-18697 he shall so notify the Court within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, including a signed *Miller* notice**; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, a complete, signed petition, and a signed *Miller* notice, the Clerk of the Court will be directed to reopen Civ. Act. No. 20-18697; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order in Civ. Act. Nos. 20-18697 and 21-6370; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge
